IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 AUG 18  PM 3: 38

CARMEN CARTER                          C-1-00-977

     Plaintiff                          Sr. Judge Weber

vs

THE E. W. SCRIPPS COMPANY

     Defendant


## MOTION TO VACATE COURT ORDER

Now comes Plaintiff, Carmen Carter, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60)b)(3), beseeching the Court vacate its judgment granting summary judgment to the Defendant, The E. W. Scripps Company. Having filed a motion to compel, which was rebuffed by the Court, and suffering Major Depressive Disorder, and the Defendant's misconduct, the Plaintiff was encumbered from fully litigating this case.

Under Rule 60(b)(1) – providing relief from judgments or orders – a litigant may seek relief for the following reasons: mistakes, inadvertence, surprise, or excusable neglect.

1

It further requires the motion be made not more than one year after the judgment, or order, or proceeding was entered or taken.

Given that the order granting summary judgment to the Defendant is dated December 15, 2003, this motion is timely filed.

The Sixth Circuit Court of Appeals has a history of focusing on whether the movant has engaged in "culpable conduct". In *Amernational Industries v Acton-Tungsram, Inc.,* 925 F.2d 970 (6th Cir. 1991), the Court concluded that in order for conduct to rise to the level of "culpable" for the purposes of a motion to vacate a default judgment, the "conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id at 978 (quoting *INVST Financial Group, Inc. v Chem-Nuclear Systems, Inc., 815 F.2d 391, 399 (6th Cir. 1987))*.

In the Amernational case, the defendant repeatedly failed to comply with discovery requests and to pay court-imposed sanctions, but the court nevertheless concluded the defendant's conduct did not rise to the level of culpability and vacated the default judgment, Id at 972-973.

The Sixth Circuit determines whether relief is warranted on Rule 60(b)(1), based on three factors established in *United Coin Meter Co., Inc. v*

2

*Seaboard Coastline R.R.*, 706 F.2d 839 (6th cir. 1983): (1) whether the party

seeking relief is culpable; (2) whether the party seeking relief has a

meritorious claim or defense; and (3) whether the opposing party will be

prejudiced by vacating the judgment.

In *Williams v Meyer*, 346 F.3d 607; 6th Circuit, 2003 U.S. App. LEXIS

19712, the Sixth Circuit vacated a default judgment and remanded the case

back to U.S. District Court when the plaintiff failed to file objections to the

magistrate's report and recommendations. The Sixth Circuit noted:

> The record establishes that in failing to timely file
> neither Williams nor his counsel engaged in any
> culpable conduct...Williams' failure to timely file
> objections does not appear to have been "willful"
> or the result of "carelessness" or "negligence".

(quoting *Weiss v St. Paul Fire & Marine Insurance Co.*, 283 F.3d 790,

794; 6th Cir. 2002.)

Further, the seminal case in this circuit on Rule 60(b) – *United Coin*

*Meter Co., Inc.* – contends:

> Where default results from an honest mistake "rather
> than willful misconduct, carelessness or negligence" there
> is especial need to apply Rule 60(b) liberally.

After the movant demonstrates the default did not result from

culpable conduct, the Court can proceed to consider the other factors.

The Plaintiff's illness (Major Depressive Disorder) and the prejudicial misconduct of the Defendant are key elements in seeking relief from judgment.

"[Rule 60(b)(3)] is aimed at judgments which were unfairly obtained…" Rozier v Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978).

Rule 60(b)(3) provides the Court may relieve a party from a final judgment, order or proceeding for fraud, misrepresentation, or other misconduct of an adverse party.

Since the withdrawal of the law firm Clodfelter & Gutzwiler, the Plaintiff has been financially unable to retain counsel. Confronted with the difficulty of finding a law firm to take Plaintiff's cases (including C-1-00-739) on contingency – the Plaintiff vainly attempted to manage them herself. Suffering clinical depression since 1996 while in the employ of The Cincinnati/Kentucky Post – the Plaintiff became too ill to defend herself in Court.

The Defendants seized upon the Plaintiff's vulnerability by willfully engaging in bad faith discovery practices. To wit, the Defendant falsely implied in document 47 (Defendant's Memorandum in Opposition to Plaintiff's Motion Requesting Court Intervention in Discovery) that assistant city

4

editor Al Salvato "was responsible for supervising reporters in the Metro Department" as though he were the department head. He was a middle manager with no authority to discipline employees. In fact all disciplinary actions taken against the Plaintiff were by Metro Editor Mike Philipps (exhibit 1). It's impossible to prove a prima facie case of discrimination without access to personnel records of similarly situated employees subject to discipline from the company.

This deception was an effort to limit Plaintiff's conducting discovery to only two or perhaps three other employees. Because of Plaintiff's illness (Major Depressive Disorder), she was unable to properly notify the Court of this fraud. Regardless, even after the Plaintiff signed the protective order, the Defendant failed to provide ANY personnel files – effectively making it impossible for the Plaintiff to survive summary judgment. The Defendant failed to provide any personnel files in violation of Court Orders to do so (document 51).

Fraud can be interpreted as deliberate omissions when a response is required. Common law defines fraud to include certain omissions, "i.e., failure to disclose material facts when under a duty to do so." *O'Neal v Burger Chef Sys., Inc.*, 860 F.2d 1341 (6th Cir. 1988).

The Plaintiff filed a motion to compel seeking the Court's assistance to no avail (document 45). The Court's decision that the Defendant did not have to divulge employee salary information was not in the liberal spirit of discovery under the Federal Rules of Civil Procedure.

Discrimination on the basis of sex and race is by definition class discrimination; and the existence of patterns of racial/gender discrimination in job classifications or hiring situations other than those of the Plaintiff may well justify an inference that the practices complained of were motivated by racial or gender factors. *Blue Bell Boots, Inc. v Equal Employment Opportunity Commission,* 418 F.2d 355; 1969 U.S. App. LEXIS 10274; 2 Fair Empl. Prac. Cas. (BNA) 228; 61 Lab. Cas. (CCH) P9351; 2 Empl. Prac. Dec. (CCH) P10, 115.

> "Discovery under the Federal Rules of Civil Procedure is not limited to issues raised by the pleadings, for the discovery itself is designed to help define and clarify the issues; nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related on the merits."

*Oppenheimer Fund, Inc., et al v. Sanders et al.,* 437 U.S. 340; 98 S. Ct. 2380; 57 L. Ed. 2d 253; 1978 U.S. LEXIS 113; Fed. Sec. L. Rep. (CCH) P96,470; 25 Fed. R. Serv. 2d (Callaghan) 541.

Consequently, both due to illness and the Defendant's fraud upon the Court, the Plaintiff was unable to file a summary judgment brief. The Plaintiff also seeks relief from this judgment because she was at the time incapable of responding to the Magistrate's Report and Recommendations as a result of clinical depression. Because the Plaintiff remains in the throes of this illness, she offers the Court (exhibit 2), which was filed with her Social Security Administration SSI/Social Security Disability application. As further substantiation, the Plaintiff submits her redacted admission record to University of Cincinnati Hospital dated in August 1996, indicating "intractable complex partial seizures", along with the diagnosis "major depressive disorder" and recommendations for outpatient treatment (exhibit 3). As is evident from the Plaintiff's medical report, she was scarcely functional in the months prior to the loss of her father.

Following the funeral of the Plaintiff's father, she was neither coherent nor focused enough to fight the Defendant's misconduct during discovery, let alone respond to the Magistrate's Report and Recommendations.

The Plaintiff's conduct displays no "intent to thwart judicial proceedings or a reckless disregard" for the Court. After the movant

demonstrates the default did not result from culpable conduct, the Court can proceed to consider the other factors.

The Plaintiff prays the Court recognizes illness is the sole reason she did not respond to the Magistrate's Report and Recommendations. Both illness and the Defendant's discovery fraud resulted in the Plaintiff's inability to respond to the Defendant's Motion for Summary Judgment. Certainly the Court will agree the Plaintiff has met the first two burdens of *United Coin Meter Co., Inc. v Seaboard Coastline R.R.*

More succinctly, it is an injustice to let stand a judgment when the Defendant has hidden legitimately discoverable information, which would have allowed the Plaintiff to survive summary judgment.

Under the circumstances, the Defendants Motion for Summary Judgment should not only be vacated, but stricken from the record pursuant to Federal Rules of Civil Procedure 37(b)(2)(C). Neither striking the Defendant's Motion for Summary Judgment, nor vacating the judgment would cause any substantial prejudice to the Defendant's case.

During 2003, the Plaintiff was beset by a series of events, including being evicted from her home of 12 years, relocated, the loss of a series of important documents while moving and has been in the throes of grief since

the death of her father. These matters collectively rendered the Plaintiff incapable of responding to Court orders in the subject case, as well as the Plaintiff's other case (C-1-00-739).

However, in conjunction with this vacatur, the Plaintiff is filing Application for Appointment of Attorney Pursuant to 42 USC 2000e-5(f)(1), a Federal Rules of Civil Procedure 56(f) affidavit, and a jurisdictional remand from the Sixth Circuit Court of Appeals.

In the interim, the Plaintiff implores the Court to appoint counsel.

Since this motion requesting the Court vacate the previously stated orders will in no way prejudice the case of the Defendant, The E. W. Scripps Company – the Plaintiff prayerfully entreats the Court grant this motion pursuant to 60(b)(1) and 60(b)(3).

Respectfully submitted,

*Carmen Carter*

Carmen Carter
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon the Defendant's counsel, David Holcombe, Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202 – via ordinary U.S. mail this 17th day of August 2004.

*Carmen Carter*

Carmen Carter