IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                                    C-1-00-977

      Plaintiff                                    Sr. Judge Weber

vs

THE E. W. SCRIPPS COMPANY

      Defendant

<u>AFFIDAVIT OF CARMEN CARTER</u>

STATE OF OHIO

COUNTY OF HAMILTON

     I, Carmen Carter, the Plaintiff in this case, being duly sworn, hereby depose and say as follows pursuant to Federal Rules of Civil Procedure 56(f) that more discovery is needed in this case:

1. I am the Plaintiff in this case and the companion case C-1-00-739.

2. On July 16, 2003, I signed the Defendant's Stipulated Protective Order and forwarded it along with the Expert Witness Report of Donald L. Frankenfeld via ordinary U.S. mail to defense counsel.

3. On July 17, 2003, I forwarded a 14 page fax to defense counsel containing the Expert Witness Report of Donald L. Frankenfeld and the Stipulated Protective Order.

4. The E. W. Scripps Company has not complained they have not received the Expert Witness Report of Donald L. Frankenfeld.

5.    The Defendant did falsely imply that Al Salvato had authority to discipline or terminate the Plaintiff's employment by noting he was the Plaintiff's immediate supervisor, in an attempt to limit discovery to only two or three other employees. That authority was at all times during the Plaintiff's employment the domain of department head Mike Philipps, the metro editor and Paul Knue, the editor.

6.    The Court's decision overruling the Plaintiff from receiving age or salary information of other employees in a Title VII case violates the letter and liberal spirit of discovery rules under the Federal Rules of Civil Procedure.

To date, I have received no personnel files, records of employee discipline, salary data or any explanation why I have not received such legitimately discoverable documentation. This is discoverable information requested in the Plaintiff's initial interrogatories and request for production of documents in 2000. Further, the Defendant avers in interrogatories that such materials would be turned over upon execution of the stipulated protective order.

It is impossible to amass the statistical information that would be necessary for the Plaintiff to show discrimination (race, gender, disability) without access to personnel files of reporters concerning the Defendant's practices with regard to discipline, employment, promotions, terminations, etc. This conduct prejudiced the Plaintiff's ability to litigate this case.

Requiring the Defendant to supply such data will enable the Plaintiff to rebut the Defendant's showing of the absence of a genuine issue of fact. This entails all reporters in the metro department between 1994 and 1999, a minimum 30 personnel files. This is not done for the purpose of delay, but because the Plaintiff has a meritorious defense.

FURTHER, AFFIANT SAYETH NOT.

_Carmen Carter_
Carmen Carter

Sworn to and subscribed before me this ⁷ day of August 2004.


_____
Notary Public

DARLENE M. MILLER
Notary Public - State of Ohio
My Commission Expires