IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 AUG 18 PM 3: 38

CARMEN CARTER,
      PLAINTIFF,

vs.

THE E.W. SCRIPPS COMPANY,
      DEFENDANT.

CASE NO. C-1-00-977

Sr. Judge Herman Weber

**Application for Appointment of
Attorney Pursuant to
42 USC 2000e-5(f)(1)**

      I hereby apply for appointment of an attorney to represent me in the suit pursuant to 42 USC 2000e-5(f)(1) brought in connection with the complaint in the above captioned case. Under the aforementioned statute the Court may "…Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security".

      The Plaintiff prays the Court grants her an evidentiary hearing to assist the Court in determining the propriety of appointing counsel and that the Court ultimately appoints the plaintiff counsel pursuant to the aforementioned statute.

      Memorandum in support is attached hereto and incorporated by reference and exhibits.

<u>MEMORANDUM</u>

In support of this application, the following statements are made to the Court:

A Notice of Right to Sue letter has been issued by the Equal Employment Opportunity Commission and is attached hereto.

"The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in '"fundamental unfairness impinging on due process rights.'" *Reneer v Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) citing *Caruth v Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982) (quoting *LaClair v United States*, 374 F.2d 486, 489 (7th Cir. 1967)) cert. denied 459 U.S. 1214 (1983).

Courts utilize three factors in assessing the appointment of an attorney under the statute: financial ability to retain counsel; diligence in attempting to obtain counsel; and merits of the plaintiff's allegations. The courts also consider other facts, such as the complainant's ability to gather facts and present their case.

"The discretion granted the district court [under § 2000e-5(f)(1)] is extremely broad," according to the Castner court (*Castner v Colorado Springs Cablevision*, 979 F.2d 1417 10th Cir. 1992). Given the remedial function of Title VII, a court must give "serious consideration" to a Title VII plaintiff's request for appointed counsel, citing *Jenkins v Chemical Bank*, 721 F.2d 876 (2d Cir. 1983).

Congress included this provision in the statute because the nature of Title VII actions pits parties of unequal strength and resources against one another. The complainant, who is usually a member of a disadvantaged class, is opposed by an employer, who has at their disposal an array of resources and legal talent, according to The House Report No. 238, 92d Congress, 2d Sess., reprinted in 1972 U.S.C.C.AA.N. 2137, 2148.

FINANCIAL ABILITY TO RETAIN COUNSEL:

"…[a] litigant need not be destitute to qualify for appointed counsel under this section" of the statute (42 USC 2000e-5(f)(1)), *Castner v Colorado Springs Cablevision,* 979 F.2d 1417 (10th Cir. 1992).

The Sixth Circuit has held that proof of indigency is not required as a prerequisite for appointment of counsel, *Harris v Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972). Nevertheless, the Plaintiff is destitute, and unable to pay an attorney, let alone her own living expenses, as indicated by the attached affidavit.

I am unable to obtain a lawyer to represent me because I am indigent. In 2003, the Plaintiff was evicted from the two-story townhouse where she resided for 12 years. Since her wrongful termination by the Defendant in 1999 -- the Plaintiff has wavered between underemployment and unemployment. The Plaintiff was diagnosed with Major Depressive Disorder in 1996 while in the employ of The E. W. Scripps Company. An affidavit of Plaintiff's financial circumstances is attached.

A movant's ability to afford counsel is measured by a more lenient standard than that required to qualify for In Forma Pauperis status, according to *Mitchell v Champs Sports*, 42 F.Supp 2d 642 (E.D. Tex. 1998). "A movant need only show insufficient assets and income to afford an attorney to investigate a claim." Ibid.

In this case, the Plaintiff has already been granted In Forma Pauperis status and more than exceeds the requisite inability to pay an attorney to represent her.

DILIGENCE:

To be eligible for appointed counsel, a complainant must make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v Zoological Society, 662 F.2d 1301 (9th Cir. 1981).

Clearly the Plaintiff's pecuniary straits have resulted in her pro se status without proper legal representation.

In *Barnell v Paine Webber Jackson & Curtis, Inc.* (1984, SD NY) 577 F Supp 976, the Court concluded that a plaintiff should not be required to exhaust the legal directory before a court could appoint an attorney. The Plaintiff's attached affidavit further elucidates the issue of diligence.

MERIT:

> "A *sua sponte* review as to the merits of a movant's complaint is closely akin to a frivolousness review under the general *in forma pauperis* statute…In making its evaluation the Court must weigh all facts in a movant's favor. This necessarily means the court should accept movant's allegations as true, unless they rise to the level of being wholly irrational or incredible."

*Mitchell v Champs Sports* 42 F. Supp. 2d 642; 1998 U.S. Dist LEXIS 21516

The standard of merit in the context of motions for appointment of counsel under the statute is lower than the standard in motions for summary judgment. A complainant need only demonstrate that their claim "has some merit", *Bradshaw v Zoological Society*, 662 F.2d 1301 (9th Cir. 1981).

However, merit, in terms of appointing counsel, may not be based solely on findings or a lack of findings by the Equal Employment Opportunity Commission, *Harris v Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir); 1972 U.S. App. LEXIS 11359.

An examination of the merits regarding the appointment of counsel cannot serve as a fact finding process for the resolution of disputed facts, *Denton v Hernandez,* 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). The Court must make an initial assessment of the plaintiff's factual allegations in light of what plaintiff must eventually prove at trial. While the Court may not construct arguments or legal theories for the plaintiff -- the plaintiff's complaint is to be construed liberally in any circumstance. This is especially true in cases where the plaintiff is *pro se* such as herein (citing Haines v Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed 652 1972).

"Weighing in plaintiff's favor also means indulging all reasonable inferences in plaintiff's behalf", quoting *Johnson v Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991).

Reiterating all claims in the Plaintiff's original five-count (race, gender, disability) discrimination lawsuit (document one of the case docket, paragraphs 1 through 53), the Plaintiff concurrently and timely seeks relief from the orders and judgment in the subject case under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3).

The Defendants have purposely disguised their multiple discriminatory practices by attempting to show legitimate reasons for the Plaintiff's disparate discipline and discharge. All reasons given by The E. W. Scripps Company are merely pretextual for unlawful discrimination based on race, sex and disability. Examples of such conduct include discrimination against her with respect to her compensation, terms, conditions and privileges of employment. Harassment of the Plaintiff by the Defendant resulted in a hostile work environment. The Defendant refused to make reasonable accommodation despite the Plaintiff's disability (Major Depressive Disorder) as required by law (Americans With Disabilities Act). With the requested accommodation she may have been aided in her job performance.

The Defendant took advantage of Plaintiff's disability, indigence and lack of counsel by violating of Rule 56, failing to provide the Plaintiff with legitimately discoverable evidence sought (personnel files). This conduct further impeded the Plaintiff's ability to fully answer and litigate this case. As a result of this injustice, the Plaintiff was unable to properly respond to the Defendant's Motion for Summary Judgment. Even with an attorney, it would still be necessary to ask the Court to compel the Defendant provide this discovery.

It is crucial the Court recognizes this injustice, as even if the Plaintiff was not disabled by Major Depressive Disorder, her ability to respond would have been substantially encumbered. Had the Plaintiff had counsel, an attorney would have filed a Motion to Compel or requested an extension of discovery.

OTHER CONSIDERATIONS:

In *Jenkins v Chemical Bank* (1983 CA2 NY) 721 F2d 876, the Court used another measure to assess appointing an attorney under the statute -- the complainant's capacity to gather facts or present the case. Because there was insufficient information for the appellate court to conclude whether denial of counsel was an abuse of discretion – the court vacated the denial and remanded the case.

Similarly in *Barnell v Paine Webber Jackson & Curtis, Inc.* (1984, SD NY) 577 F Supp 976, the Court concluded the plaintiff's ability to gather and present crucial facts must be considered:

> "Plaintiff claims that she was mentally incapacitated. Even assuming that she is fully recovered, plaintiff will undoubtedly have difficulty proving her own incapacity. For one thing, requiring plaintiff to proceed *pro se* … will require her to plumb the depths of her deepest depression to marshal facts in her own favor. Additionally, plaintiff would have to master the complex task of preparing and examining experts. Psychologists and psychiatrists are among the most difficult experts to handle properly. Finally, plaintiff would be left in the unenviable position of examining herself -- testifying without proper questioning -- about her own emotional deficiencies at the time in question. The

Court feels that plaintiff should not be required to prove her own incapacity unaided by counsel."

In the subject lawsuit, Major Depressive Disorder has prevented the Plaintiff from responding to Court orders and filings submitted by the Defendant. Consequently, this Court granted The E. W. Scripps Company summary judgment. The Plaintiff made the Court aware of her condition through various filings, but most notably, the Expert Witness Report of Donald L. Frankenfeld (wherein she explained that despite taking prescribed medication she was never-the-less overwhelmed by depression and had been unable to respond to the Defendant's motions).

Although most courts require a complainant meet three criteria, the Barnell Court also considered the complainant's disability in making the decision to appoint an attorney.

Recognizing that appointment of counsel in a civil case is a privilege that can be justified by exceptional circumstances, the Plaintiff is aware that the Court also examines not only whether exceptional circumstances exist, but "the type of case and the abilities of the plaintiff to represent himself." *Archie v Christian*, 812 F.2d 250, 253 (5th Cir. 1987).

The Plaintiff suffers Major Depressive Disorder, which impairs her ability to concentrate and think (exhibit 1  which is part of her Social Security Administration Disability Application). She further substantiates her medical history by including her redacted admission record to University of Cincinnati Hospital dated August 1996, indicating "intractable complex partial seizures", along with the diagnosis "major depressive disorder" and recommendations for outpatient treatment (exhibit  2).

Also offered for the Court's perusal is the patient page from the June 18, 2003 issue of the Journal of the American Medical Association, indicating symptoms of major depression include difficulty thinking or concentrating (exhibit  3).

"This is a classic type of case where the need for the assistance of professional trial counsel is essential to ensure a just result: if a case's factual issues turn on credibility, this should weigh on the side of appointing counsel since 'it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination.'"

Rolle v Fanelli. 924 F. Supp. 5; 1996 U.S.Dist. LEXIS 8494 quoting Maclin v Freake, 650 F.2d 885, 888 (7th Cir. 1981)

In *Poindexter v FBI*, 737 F.2d 1173 (D.C. Cir. 1984), the court concluded that "...plaintiffs usually will be seriously disadvantaged if they must proceed pro se and, therefore, the trial courts should be aware that refusing to appoint counsel may be tantamount to denying them a day in court."

It is generally held that the Court's obligation to consider appointment is triggered only if the Plaintiff makes a clear request for invocation power. Having made this request, the Plaintiff prays the Court recognizes she meets the three requisites of indigence, diligence and merit. She also urges the Court that as a result of the disability of Major Depressive Disorder, the Plaintiff has been disadvantaged vis a vis the Defendant and this case.

The Plaintiff now implores the Court to so consider and appoint counsel under 42 USC § 2000e-5(f)(1) with the assistance of an evidentiary hearing on the matter.

Respectfully submitted,

Carmen Carter
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon The E. W. Scripps Company attorney, David Holcombe, Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202, this 17th day of August 2004.

*Carmen Carter*

Carmen Carter