**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CARMEN CARTER,                    :        Case No.  C-1-00-977

      **Plaintiff,**              :        **(Judge Weber)**

  vs.                                      :

THE E. W. SCRIPPS COMPANY        :

     **Defendant**               :

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO VACATE COURT ORDER**

## I.    PROCEDURAL BACKGROUND.

Plaintiff was terminated from her employment as a reporter for The Cincinnati Post in October 1999.  The reasons for Plaintiff's discharge were (1) tardiness and unproductive use of Company time; (2) insubordinate conduct toward her superiors; (3) failure to adequately perform assignments; and (4) failure to keep her supervisors informed of stories she was working on. (See Exhibit A of Defendant's Motion for Summary Judgment).  Plaintiff's discharge was upheld by labor arbitrator Edward Goggin in May 2000.  Plaintiff later filed a charge of discrimination with the EEOC alleging that her discharge constituted race, disability, and sex discrimination.  This charge was dismissed for lack of probable cause.  Plaintiff then filed two cases against Defendant.  The first, captioned as Carter v. The E.W. Scripps Company, Case No. C-1-00-739 (Judge Spiegel) ("Carter I") was a motion to vacate the arbitrator's decision.  Plaintiff also filed the instant case ("Carter II") alleging race, sex, and disability discrimination.

Plaintiff filed both Carter I and Carter II on a *pro se* basis.  While Plaintiff later obtained an attorney, her attorney withdrew and she proceeded to prosecute both cases *pro se*.  Plaintiff's lack of counsel did not interfere with her prosecution of either case, as she filed numerous

pleadings including Motions to Compel, Requests for Extension of Time, etc., and responded to several motions filed by Defendant. Magistrate Judge Hogan issued separate reports in both Carter I and Carter II, recommending that summary judgment be granted and that Plaintiff's claims be dismissed. Plaintiff failed to file objections to either of these reports. The Magistrate's reports and recommendations were adopted in both cases, and both cases were dismissed. Plaintiff then appealed both summary judgment decisions to the Sixth Circuit Court of Appeals. Plaintiff also filed a Rule 60(b) Motion in Carter I asserting many of the same arguments that she now makes before this Court. Judge Spiegel denied Plaintiff's 60(b) Motion in Carter I on July 14, 2004, holding that "the Court finds no exceptional circumstances shown justifying relief for Plaintiff under Rule 60(b)." (Order Denying Plaintiff's Motion to Vacate Court Order, July 14, 2004, attached as Exhibit A).

Plaintiff has now filed a virtually identical 60(b) Motion ("Plaintiff's Motion") with this Court seeking to vacate this Court's decision granting summary judgment and dismissing her claims. For the reasons stated below, namely that this matter is currently pending before the Sixth Circuit, that Plaintiff has failed to demonstrate extraordinary circumstances justifying vacation of the Court's Order, and that Plaintiff has failed to present any evidence supporting her claims, this Court should decline to exercise jurisdiction and/or should deny Plaintiff's Motion.

## II.    LAW AND ARGUMENT.

### A.    The Court Should Decline To Exercise Jurisdiction Over Plaintiff's Motion Because This Matter Is Pending Before The Sixth Circuit And Because Plaintiff Failed To File Objections To The Magistrate's Report.

Where, as here, an appeal is pending, the trial court is not required to entertain a 60(b) Motion for relief. LSJ Investment Co. v. O.L.D., Inc., 167 F.3d 320, 324 (6th Cir. 1999). This Court has already dismissed Plaintiff's claims on the merits, and this case is now in the hands of the Sixth Circuit. If the Sixth Circuit believes that the interests of justice require the

consideration of the merits of Plaintiff's appeal, then it has the power to excuse her failure to file objections and to consider her arguments on appeal. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987). Allowing Plaintiff to revive her claims before this Court or to bolster her appeal will only serve to increase the time and expense which Defendant has already incurred in the defense of this meritless action.

Plaintiff has also failed to set forth any reasons which justify this Court reviving this closed case, and has certainly failed to set forth a proper basis for granting relief under Rule 60(b)(1).[1] Plaintiff had ample time to either file objections to the Magistrate's Report or to request an extension of time to file such objections. She does not dispute that she was advised of the time limits for filing objections to the Magistrate's Report, and of the consequences for failing to do so. Nor does she dispute that she failed to file objections and did not request an extension of time to file objections. Plaintiff is quite familiar with the process for requesting an extension of time, as she availed herself of this process several times while her cases were pending. (See, e.g., Doc. 39). While Plaintiff claims that she was too distracted by illness and indigence to timely file objections, she does not explain why she did not request an extension of time to file objections, and the Court should not allow her additional time now that her claims have been dismissed on the merits.[2]

---

[1] Defendant's position is that this Court should decline to exercise jurisdiction over Plaintiff's Motion. However, if the Court does exercise jurisdiction, Defendant submits that the Court should deny Plaintiff's Motion.

[2] Plaintiff also claims that she was incapable of filing objections because her father passed away. While Plaintiff does not state when her father passed away, she previously raised this matter in a Motion filed with the Court in Carter I in July 2003. See Carter I Doc. 75. Thus, because it appears that the death of Plaintiff's father occurred at least four months prior to the date of the Magistrate's Report and Recommendation, this does not explain Plaintiff's failure to file objections to the Magistrate's Report. See Merriweather v. Wilkinson, 2003 U.S. App. LEXIS 24844 (6th Cir. Nov. 25, 2003) (holding that claimant's pro se status and lack of legal training did not excuse his failure to file objections and did not entitle him to relief under Rule 60(b) (copy attached as Exhibit B); Rideout v. Scott, 1998 U.S. App. LEXIS 26119 (10th Cir. Oct. 15, 1998) (affirming denial of Rule 60(b) motion where claimant knew of is obligation to respond to magistrate's report and failed to respond or to request an extension of time) (copy attached as Exhibit C).

**B.    Plaintiff Has Failed To Demonstrate "Extraordinary Circumstances" That Justify Relief Under Rule 60(b)(1).**

This Court should also decline to address Plaintiff's Motion and/or deny Plaintiff's Motion because Plaintiff has failed to set forth a proper basis for granting relief under Rule 60(b)(1), and has failed to set forth any new arguments that this Court has not already considered and rejected. Rule 60(b) motions are typically brought after a court has entered a default judgment. While Plaintiff implies that the Court's Order dismissing her Complaint was a default judgment, this is not so. Both the Magistrate and this Court considered the evidence in the record and even went so far as to grant inferences in her favor despite the fact that she presented no evidence supporting such inferences. (See Report and Recommendations, pp. 3-4).

In order to be granted relief under Rule 60(b)(1), Plaintiff must demonstrate the existence of "mistakes, inadvertence, excusable neglect [or] extraordinary circumstances." United States v. Universal Management Servs, Inc., 191 F.3d 750, 757 (6th Cir. 1999). A grant of relief under Rule 60(b) is "extraordinary" and "may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 769 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984). When a Rule 60(b) motion challenges a default judgment, the Court determines whether excusable neglect exists by considering certain equitable factors, such as the reason for the delay, etc. Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. Aug. 27, 2003) (copy attached as Ex. D). However, where, as here, summary judgment was granted on the merits, such equitable factors do not control, and the court strongly considers the prejudice to the other party. Id. On this point, the Sixth Circuit's Burnley decision is instructive.

In Burnley, the Plaintiff failed to file a response to her employer's summary judgment motion. After the court granted the employer's motion on the merits, the employee filed a 60(b)(1) motion seeking to vacate the court's dismissal order. The district court denied the

employee's motion and she appealed to the Sixth Circuit.. The Sixth Circuit held that the district court properly denied the 60(b)(1) motion because the employer would have suffered "substantial prejudice" if the motion were granted. The court reasoned that substantial prejudice existed because the employer had "already expended substantial resources conducting discovery, and filing its motion for summary judgment." Id. at 333. The court continued, stating that it would be "unfair to require [the employer] to expend additional resources litigating this claim, particularly because [Plaintiff] had ample time to conduct discovery, and failed to present evidence to substantiate her claim." Id.

The rationale of Burnley applies to the instant case and calls for this Court to decline to exercise jurisdiction over Plaintiff's Motion and/or to deny Plaintiff's Motion. Defendant has already expended substantial resources defending against claims that this Court has dismissed. Indeed, these expenses are even more substantial than those expended by the employer in Burnley, as Defendant first expended resources defending Plaintiff's claims in the arbitration forum. Then, Defendant was forced to defend Plaintiff's claims before this the EEOC. Next, Defendant was forced to defend two cases in this Court. And now, Defendant is forced to defend Plaintiff's claims in two separate appeals before the Sixth Circuit. If the Court grants Plaintiff's Motion, Defendant will be forced to expend additional resources litigating this case and defending against her appeal. Defendant should not be put to this additional expense and prejudice. Plaintiff has had her day before an arbitrator, the EEOC, and this Court, and now has taken her meritless claims to the appellate court. It is time for this case to end once and for all.

Therefore, because Plaintiff failed to oppose summary judgment, failed to object to the Magistrate's report, and has failed to set forth a proper basis for granting relief under Rule 60(b)

(1), this Court should decline to exercise jurisdiction over this matter and/or should deny Plaintiff's Motion.

> **C.**    **Plaintiff's Own Failures To Prosecute This Action, To Oppose Summary Judgment, And To File Objections To The Magistrate's Report Do Not Constitute Fraud Or Bad Faith By Defendant.**

Plaintiff also alleges that this Court should grant her Motion under Rule 60(b)(3) because Defendant allegedly engaged in "bad faith discovery practices." Specifically, Plaintiff claims that Defendant failed to produce personnel files of similarly situated employees. In order to respond to this claim it is first necessary to review the chronology regarding Plaintiff's request for personnel files. On June 5, 2002, Defendant responded to Plaintiff's request for personnel files by stating that it would allow Plaintiff to review the personnel files of metro reporters for the time period of 1994 – 1999 after she signed a protective order. (See Letter to Plaintiff dated June 5, 2002, Ex. E). Plaintiff refused to sign the protective order and ignored this issue for eight months until she wrote to Defendant's counsel on February 27, 2003 regarding objections to Defendant's discovery responses, including Defendant's request for protective order. (See February 27, 2003 letter, Ex. F). On March 14, 2003, Defendant's counsel wrote to Plaintiff explaining the reason for the requested protective order and again reiterating that the files would be available after she signed the protective order. (See March 14, 2003 letter, Ex. G). On March 21, 2003, Plaintiff filed a Motion Requesting Court Intervention in Discovery asserting, among other things, that Defendant was attempting to "extort her" into signing a protective order. (See Doc. 44). Defendant opposed this motion and again explained that Plaintiff could review metro reporter files after she signed the protective order. (See Doc. 47).

On May 30, 2003, after Plaintiff still had not signed the protective order, Defendant timely filed its Motion for Summary Judgment. (See Doc. 48). On June 17, 2003, the Court

denied Plaintiff's Motion Requesting Court Intervention in Discovery and found that Defendant's proposed protective order was reasonable. (See Doc. 51). The Court further granted Defendant's Motion to Compel and ordered Plaintiff to respond to Defendant's discovery requests within fifteen days. (Id.).

On July 9, 2003, after Plaintiff had failed to respond to Defendant's May 30 Motion for Summary Judgment, had failed to respond to Defendant's discovery as ordered by the Court on June 17, 2003, and still had not signed the protective order, Defendant filed a Motion to Dismiss. (See Doc. 52). Plaintiff did not respond to this Motion. On July 16, 2003, after discovery had closed, and after the time for responding to Defendant's Motion for Summary Judgment and Motion to Dismiss had long since passed, Plaintiff blacked out portions of the protective order that she apparently did not agree with and then finally signed the order and sent it to Defendant's counsel. (See letter dated July 16, 2003, Ex. H). The provision struck by Plaintiff was the language in paragraph 10 of the protective order which provided that Plaintiff would agree to indemnify Defendant for any losses suffered if she breached the protective order.

After Plaintiff failed to follow the Court's guidance by signing the protective order without revision, she also failed to contact Defendant's counsel to request a time to review the personnel files. Nor did she ever ask Defendant to provide her copies of the personnel files. By the time Plaintiff finally submitted her redacted version of the protective order, discovery had closed, and Defendant's unopposed Motion for Summary Judgment and Motion to Dismiss were fully briefed and pending before the Court.

On November 12, 2003, Magistrate Judge Hogan submitted his report recommending that Defendant's Motion for Summary Judgment be granted. (See Doc. 56). As of the date of this report, Plaintiff still had not taken any initiative to review the personnel files. Likewise, she did

not file objections to the Magistrate's Report.  On December 15, 2003, the Court adopted the Magistrate's Report and Recommendations and dismissed this case.  (See Doc. 57).

This chronology demonstrates that Defendant did not commit any fraud on Plaintiff. Defendant informed Plaintiff that the personnel files would be available for review after she signed the protective order.  However, Plaintiff only signed her version of the protective order after summary judgment was filed and her time for opposing summary judgment had expired. Further, Plaintiff failed to file any opposition to summary judgment or objections to the Magistrate's Report and Recommendation, and did not contact Defendant's counsel to set up a time to review the files.

If Plaintiff believed that a review of these files was necessary in order to oppose Defendant's Motion for Summary Judgment, then she should have signed the protective order and requested to review the files prior to the expiration of the time allotted for her to file an opposition to Defendant' Motion.  Or, at the very least, she should have asked to review the files and asked the Court for additional time to oppose summary judgment.  However, Plaintiff did not take any of these actions.  She did not sign the protective order as drafted (and as found by the Court to be reasonable).  She did not oppose summary judgment or request additional time to do so.  She did not file objections to the Magistrate's Report.  And at no time in the thirteen months after she signed a redacted version of the protective order did she request to review the files or claim that she needed the files in order to defend this case.  Instead, Plaintiff chose not to take any action at all.

The failure of Plaintiff to review the personnel files is Plaintiff's failure, and certainly does not constitute a "fraud" by Defendant and does not justify relief under Rule 60(b)(3).  See Mayhew v. Gusto Records, Inc., 69 Fed. Appx. 681 (6th Cir. July 2, 2003) (holding that plaintiff

failed to satisfy burden of showing clear and convincing evidence of fraud where plaintiff failed to respond to summary judgment and where summary judgment was granted on the merits) (copy attached as Ex. I). Plaintiff knew that she had not reviewed the files – Defendant did not deceive her. And, significantly, Plaintiff was not at all prejudiced by her failure to act.

While she claims that had she been able to review the files she may have been able to establish an inference of racial or gender discrimination, (Plaintiff's Motion, p. 6), and asserts that "it's impossible to prove a prima facie case of discrimination without access to personnel records," (Plaintiff's Motion, p. 5), it is apparent from the Magistrate's Report and Recommendation that Plaintiff was given the benefit of the doubt as to such inferences and her prima facie case. The Court did not hold Plaintiff's failure to respond to summary judgment against her. Rather, the Court assumed that Plaintiff had established a prima facie case and then went on to grant summary judgment on the basis of Defendant's legitimate, nondiscriminatory reason. (See Report and Recommendations, pp. 3-4) ("[we will] assume, for purpose of argument, the existence of a prima facie case for each claim and decide this case on the pretext issue.")

Finally, as for Plaintiff's claim that the Court should strike Defendant's Motion for Summary Judgment pursuant to Rule 37(b)(2)(c), such a request is improper on the merits, as discussed above, as well as procedurally. With respect to the merits, the above arguments demonstrate that Defendant has not failed to obey any Court order and that the blame for Plaintiff's failure to view the personnel files lies solely at her own feet. Moreover, Rule 37(b)(2)(C) refers to an order striking "pleadings." A motion for summary judgment does not constitute a pleading, as pleadings include only "complaints, answers, replies to counterclaims, answers to cross-claims, third party complaints, and third party answers." Newsome v. Xenia

City School Dist. Bd. of Ed., 1996 U.S. Dist. LEXIS 20267 (S.D. Ohio March 25, 1996) (copy attached as Ex.J), aff'd., 59 Fed. Appx. 716 (6th Cir. 2003).

Accordingly, because Plaintiff has had ample opportunity to oppose summary judgment and to file objections to the Magistrate's Report and Recommendation, because this mater is now closed and pending before the Sixth Circuit, and because Plaintiff's arguments as well as her underlying claims are without merit, this Court should decline to exercise jurisdiction over Plaintiff's Motion or, in the alternative, should deny her motion.

Respectfully submitted,


/s/ Jeffery L. VanWay
David G. Holcombe (0025768)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303

Attorneys for Defendant,
The E. W. Scripps Company


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Carmen Carter, Plaintiff Pro Se, 419 Probasco Street #7,  Cincinnati, Ohio 45220, by regular U.S. mail, postage prepaid, this 10th day of September, 2004.


/s/ Jeffery L. VanWay
Jeffery L. VanWay