LOUIS MERRIWEATHER, Plaintiff-Appellant, v. REGINALD A. WILKINSON, et al., Defendants-Appellees.

No. 03-3521

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

83 Fed. Appx. 62; 2003 U.S. App. LEXIS 24844

November 25, 2003, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: Southern District of Ohio. 02-00465. Graham. 07-08-02.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff state prisoner challenged an order from the United States District Court for the District of Ohio, which denied the prisoner's Fed. R. Civ. P. 60(b)(1) motion for relief from judgment after dismissing the prisoner's *42 U.S.C.S. § 1983* claim against defendants, director of the state department of corrections, the department's assistant chief inspector, the department's chief inspector, and numerous department officials.

OVERVIEW: A magistrate recommended that the prisoner's complaint be dismissed for failure to state a claim. The prisoner filed a motion "to alter or amend the complaint and recommendation/reconsideration" following the magistrate's report. The district court determined that the motion was an attempt to amend the complaint rather than an objection to the report. The district court thus concluded that the prisoner did not object to the report, and it adopted the report and dismissed the case. Rather than appealing, the prisoner filed the instant motion for relief, which the district court denied. The prisoner then filed a notice of appeal, which was only timely as to the denial of the Fed. R. Civ. P.

60(b)(1) motion. On appeal, the court held that the district court did not abuse its discretion by denying the Rule 60(b)(1) motion because the prisoner failed to demonstrate mistake, inadvertence, surprise, or excusable neglect. The prisoner's claim that his pro se status and lack of legal training excused him from filing objections and a timely notice of appeal from the judgment adopting the magistrate's report did not entitle the prisoner to relief under Rule 60(b)(1).

OUTCOME: The court affirmed the order.

CORE TERMS: recommendation, inadvertence, entitled to relief, excusable neglect, notice of appeal, surprise, underlying judgment, judgment filed, moving party, pro se, disposing, prison

LexisNexis(R) Headnotes

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Civil Procedure: Relief From Judgment: Relief Generally
[HN1] A federal court of appeals reviews the district court's denial of a Fed. R. Civ. P. 60(b) motion for an abuse of discretion.

Civil Procedure: Appeals: Reviewability
Civil Procedure: Relief From Judgment: Relief Generally
[HN2] An appeal from an order denying a Fed. R. Civ. P. 60(b) motion does not bring up for review the underlying judgment disposing of the complaint.

Civil Procedure: Appeals: Standards of Review: Standards Generally
Civil Procedure: Relief From Judgment: Relief Generally
[HN3] On appeal from an order denying a Fed. R. Civ. P. 60(b) motion, a federal court of appeals' inquiry is limited to whether one of the specified circumstances exists in which the plaintiff is entitled to reopen the merits of his underlying claims.



EXHIBIT

B

83 Fed. Appx. 62, *; 2003 U.S. App. LEXIS 24844, **

Civil Procedure: Relief From Judgment: Mistake & Excusable Neglect
[HN4] Fed. R. Civ. P. 60(b)(1) permits relief from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect.

Civil Procedure: Relief From Judgment: Mistake & Excusable Neglect
Evidence: Procedural Considerations: Burdens of Proof
[HN5] In order to receive Fed. R. Civ. P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense.

Civil Procedure: Relief From Judgment: Mistake & Excusable Neglect
[HN6] Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1).

Civil Procedure: Appeals: Reviewability
Civil Procedure: Relief From Judgment: Relief Generally
[HN7] To the extent that an appellant attempts to appeal various rulings made during the course of the proceedings below, he is not entitled to relief under Fed. R. Civ. P. 60(b), as Rule 60(b) may not be used as a vehicle to challenge the underlying judgment disposing of the complaint.

COUNSEL: LOUIS MERRIWEATHER, Plaintiff - Appellant, Pro se, Chillicothe, OH.

For REGINALD A. WILKINSON, Defendant - Appellee: Robert C. Angell, Office of the Attorney General, Columbus, OH.

JUDGES: Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

OPINION: [*62] ORDER

Louis Merriweather, an Ohio prisoner proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to *Fed. R. Civ. P. 60(b)(1)*. This case has been referred to a panel of the court pursuant to *Rule 34(j)(1), Rules of the Sixth Circuit*. Upon examination, this panel unanimously [*63] agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

On May 13, 2002, Merriweather filed a complaint against Reginald Wilkinson, [**2]Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Larry Yoder, ODRC Assistant Chief Inspector; Cheryl F. Jorgensen-Martinez, ODRC Chief Inspector; and numerous ODRC officials employed at the Southeastern Correctional Institution. Relying upon the *First, Eighth,* and *Fourteenth Amendments*, Merriweather asserted various claims against the defendants, including denial of access to the court, unprofessional prison staff, denial of due process in connection with his disciplinary convictions and deprivation of personal property, unconstitutional placement in administrative segregation, and denial of a prison job through Ohio Prison Industries.

Upon initial screening of the complaint pursuant to the provisions of *28 U.S.C. §§ 1915(e)(2) and 1915(a)*, a magistrate judge filed a report recommending dismissal of the complaint for failure to state a claim upon which relief may be granted. Although Merriweather filed a motion "to alter or amend complaint and recommendation/reconsideration" following the magistrate judge's report and recommendation, the district court determined that such document was an attempt to amend the complaint, rather than[**3] object to the report and recommendation. Therefore, having concluded that Merriweather did not object to the report and recommendation, the district court adopted the magistrate judge's report and recommendation and dismissed the case on July 8, 2002. Merriweather did not file a notice of appeal. Instead, on January 2, 2003, Merriweather filed a *Fed. R. Civ. P. 60(b)(1)* motion for relief from judgment, which the district court denied on February 4, 2003. On February 12, 2003, Merriweather filed a document which was construed as a notice of appeal. Because Merriweather's notice of appeal was timely only as to the district court's order denying his motion for relief from judgment, this court concluded that "only issues regarding the February 4, 2003 order may be raised on appeal."

[HN1] We review the district court's denial of a *Fed. R. Civ. P. 60(b)* motion for an abuse of discretion. *Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001)*; *Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir. 1998)*. [HN2] An appeal from an order denying a *Fed. R. Civ. P. 60(b)*[**4] motion does not bring up for review the underlying judgment disposing of the complaint. *Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978)*; *Jinks, 250 F.3d at 385*. Rather, [HN3] this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998)*.

*Federal Rule of Civil Procedure 60(b)(1)* [HN4] permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." *Fed. R. Civ. P. 60(b)(1)*. [HN5] In order to receive *Fed. R. Civ. P. 60(b)(1)* relief, the moving party must demonstrate

83 Fed. Appx. 62, *; 2003 U.S. App. LEXIS 24844, **

both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980).* [HN6] Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under[**5] *Fed. R. Civ. P. 60(b)(1). FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 685-87 (6th Cir. 1999); Saxion v. Titan-C-Mfg., 86 F.3d 553, 558 n.1 (6th Cir. 1996).*

[*64] Upon review, we conclude that the district court did not abuse its discretion when it denied Merriweather's motion for relief from judgment filed pursuant to *Fed. R. Civ. P. 60(b)(1).* In his motion for relief from judgment, Merriweather argued that he was entitled to relief based upon his own mistake and inadvertence when prosecuting his case. Merriweather essentially argued that his pro se status and lack of legal training excused him from filing both objections to the magistrate judge's report and recommendation and a timely notice of appeal from the district court's judgment adopting the report and recommendation. Under these circumstances,

Merriweather was not entitled to relief under *Fed. R. Civ. P. 60(b)(1)* because he did not demonstrate the requisite mistake, inadvertence, surprise, or excusable neglect which are required to justify relief pursuant[**6] to that rule. See *FHC Equities, L.L.C., 188 F.3d at 685-87; Saxion, 86 F.3d at 558 n.1; Marshall, 615 F.2d at 1160.* Indeed, Merriweather has offered no valid reason to vacate the district court's judgment in favor of the defendants.

[HN7] To the extent that Merriweather has attempted to appeal various rulings made during the course of the proceedings below, he is not entitled to relief under *Fed. R. Civ. P. 60(b)*, as *Fed. R. Civ. P. 60(b)* may not be used as a vehicle to challenge the underlying judgment disposing of the complaint. See *Browder, 434 U.S. at 263 n. 7; Jinks, 250 F.3d at 385.*

Accordingly, the district court's order denying Merriweather's *Fed. R. Civ. P. 60(b)(1)* motion for relief from judgment is affirmed. *Rule 34(j)(2)(C), Rules of the Sixth Circuit.*