# BAKER
&
# HOSTETLER LLP
### COUNSELLORS AT LAW

SUITE 2650 • 312 WALNUT STREET • CINCINNATI, OHIO 45202-4074 • (513) 929-3400 • FAX (513) 929-0303

Writers Direct Dial: (513) 929-3411

E-MAIL: jvanway@bakerlaw.com

June 5, 2002

Ms. Carmen Carter
2450 Grandview Avenue
Cincinnati, Ohio  45206

  RE:  *Carmen Carter v. The E. W. Scripps Company*
       *Case No. C-1-00-977*

Dear Ms. Carter:

I am writing in response to Robert Gutzwiller's letter of April 4, 2002 regarding discovery issues. Since you have not informed us that you have obtained new counsel, I am assuming that you are proceeding pro se and that I should communicate directly with you on both of the pending cases. If my understanding is in any way incorrect, please advise as soon as possible.

In Mr. Gutzwiller's letter, he took issue with several of Defendant's responses to Plaintiff's broad discovery requests. First, with regard to Interrogatory No. 1, you have requested a list of all full-time employees of The Cincinnati and Kentucky Post since January 1, 1990. In addition, you have requested the following information on such employees: name, address, date of birth, position or title, gender and race, dates of employment, and final or current salary. In response to this Interrogatory Defendant produced a list of all employees who, like Plaintiff, were employed as Metro Reporters at the Cincinnati Post between 1994 and 1999. Defendant objected to this producing information relating to other employees who are not similarly situated to Plaintiff. If there are other employees who you believe are similarly situated (meaning that they did the same job, had the same working conditions, and the same supervisor), please advise so that we can properly supplement our response.

In addition, Mr. Gutzwiller took issue with Defendant's refusal to produce employee salary information, stating that "discrimination in salary is something we are interested in." A review of the Complaint in this case, reveals that there have been no allegations of unequal pay or discrimination in salary. Accordingly, it is clear that the requested salary information is of absolutely no relevance to the claims in the Complaint.

**EXHIBIT**

E

Ms. Carmen Carter
June 5, 2002
Page 2

Second, Mr. Gutzwiller took issue with Defendant's response to Interrogatory No. 2, which requested a list of all employees, officers, or managers who have ever been disciplined while employed by The Cincinnati or Kentucky Post.   In response to this Interrogatory, Defendant produced a list of employees who, like Plaintiff, were employed in the Metro Section as reporters and were disciplined by The Post from 1994 through 1999.  As explained above, information on employees who are not similarly situated to Plaintiff is not relevant and not subject to discovery.  Again, if you believe that employees other than Metro Reporters are similarly situated to Plaintiff, please explain your theory so that Defendant can determine whether supplementation of this response is in order.

With regard to Interrogatories 9, 10, 12, 13, and 14, all of which request facts which support Defendant's various affirmative defenses, please see the enclosed supplemental answers to Plaintiff's first set of interrogatories.

With respect to Interrogatory No. 11, which requests a list of all reporters employed by The Post since 1990, Defendant again states that this request is overbroad in that it requests information regarding employees who were not similarly situated to Plaintiff.  Moreover, the timeframe of this request is overbroad, and this request, like several of Plaintiff's other requests, asks for information regarding employee ages and/or dates of birth.  Obviously, since this is not an age discrimination case, the ages and/or dates of birth of other employees is of no relevance to the claims in the Complaint.

Finally, Mr. Gutzwiller took issue with Defendant's response to Request for Production No. 16.  In that request, Plaintiff sought the personnel files of all individuals employed as reporters since 1990.  Again, it is overbroad to request information on reporters who were not assigned to the Metro Section.  In the spirit of cooperation, however, we will agree to allow you to review the personnel files of individuals who were employed by The Post as Metro Reporters during the time frame of 1994 to 1999.  Because these files contain confidential employee information, we will need for you to sign the enclosed protective order prior to you review of the files.

Very truly yours,

BAKER & HOSTETLER LLP

Jeff VanWay

cc:     David G. Holcombe, Esq.