CARMEN CARTER
2450 GRANDVIEW AVENUE
CINCINNATI, OH 45206
(513) 751-5076

February 27, 2003

Jeff Van Way
Baker & Hostetler
312 Walnut Street
Cincinnati, OH 45202

RE: C-1-00-977

Dear Mr. Van Way:

    I am in receipt of your recent letter, seeking additional information on Plaintiff's expert witnesses: Dr. Darrell Franks, psychiatrist and forensic economist Don Frankenfeld. The information you seek is forthcoming.

    In the interim, however, the Defendant has failed to properly respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents filed with the Defendant in August 2001. Although the Plaintiff is willing to sign a stipulated protective order, it must be as the courts have recognized, include access to ALL employee records of The Cincinnati Post and The Kentucky Post. Unless The E. W. Scripps Company immediately provides legitimate and reasonable responses, the Plaintiff will be left with no alternative but to file a Motion to Compel.

    Beginning with Interrogatory 1, the Defendant's objection and partial response to providing the requested information is baseless under current case law. This interrogatory requests information dating back to 1990. It's unreasonable for the Defendant to contend that this is an "overbroad" request, when The E. W. Scripps Company is prepared to make false allegations as far back as 1987, when the Plaintiff first became employed at The Cincinnati Post.

    The Defendant's response to Interrogatory 2, contending the question does not include a timeframe is equally baseless, since that "timeframe" information is included in instructions for Plaintiff's First Set of Interrogatories and Request for Production of Documents. Item 5 under Definitions and Instructions is clear:



EXHIBIT F

Jeff Van Way
Page 2
February 28, 2003

> "where no other time period is stated in an interrogatory
> or request for documents, the time period encompassed
> is from January 1, 1990, to present."

This partial response also fails to include the requested title, gender and race, dates of employ any employees, officers or managers who have been disciplined during the course of their employment at The Cincinnati Post/The Kentucky Post. Providing a list of employees working solely in the metro department at The Cincinnati Post since 1994 is NOT "in the spirit of cooperation" -- it is a failure to comply with the discovery rules.

Defendant's response to Interrogatory 6 is incomplete, Please furnish a complete answer.

In Interrogatory 9, which asks: *what facts support defendant's response to Plaintiff's complaint that Ms. Carter was not disabled (defense's Fourth Defense)?* The Defendant contends that the Plaintiff is "not a qualified individual with a disability...The Post reserves the right to supplement this reponse as further facts are revealed during the discovery process." Obviously, the Defendant has failed to supplement this statement with any further statements or clarified how the Plaintiff is "not a qualified individual with a disability".

Interrogatory 10 inquires: *What facts exist to support defendant's Fifth Defense in it's Answer to Plaintiff's complaint?* The Defendant's objection and partial response that Plaintiff's claims are barred under *res judicata* and *estoppel* are ludicrous at best. No claims of gender, race and disability discrimination were ever addressed during the arbitration hearing. The Defendant once again has failed to present a legitimate Fourth Defense OR response to this Interrogatory.

Interrogatory 11 asks: *Please identify by name and last known address, race, age or date of birth, and gender of all employees of The Cincinnati Post since January 1, 1990 to present, who were reporters for the newspaper either by title or whose actual job was reporting.*

The Defendant again objected, referring to their non-response to Interrogatory 1. The Defendant has failed to properly respond to Plaintiff's Firs Set of Interrogatories and Request for Documents.

Interrogatory 12 asks: *What facts exist to support defendant's Ninth Defense in its Answer to plaintiff's complaint?*

Jeff Van Way
Page Three
February 28, 2003

  Defense counsel did not provide any facts, but instead made the statement: "...Based upon information and belief, Defendant states that it has a good faith belief that Plaintiff has not continually been employed or been actively seeking employment since the date of her discharge. The Post reserves the right to supplement this response as further facts are revealed during the discovery process."

  To date, the Defendant has failed to provide any facts to justify their Ninth Defense OR supplement this baseless notion.

  Interrogatory 13 inquires: *What facts exist to support defendant's Tenth Defense in its Answer to plaintiff's complaint?*

  The Defendant does not provide FACTS, but rather an opinion. While Defense Counsel objects to this question because it purportedly requires a "legal conclusion" -- the Defendant has no difficulty coming to the legal conclusion that any alleged damage to the Plaintiff's reputation and/or medical or psychological damage are "...the result of her own actions". Again, the Defendant has failed to provide facts

  Although Defense Counsel's partial response claims the Post reserves the right to supplement this response as further facts are revealed during the discovery process -- not only has the Defendant failed to supplement its legal conclusion, or present any facts.

  The Defendant has failed to respond to Interrogatory 14, which asks: *What facts exist to support defendant's Eleventh Defense in its Answer to plaintiff's complaint?*

  Defense Counsel's objection and partial response to Interrogatory 14 are ridiculous. The U.S. Equal Employment Opportunity Commission provided Plaintiff with a right to sue letter, fully apprised that an arbitration before Edward P. Goggin took place. Obviously, the issues before the Court are NOT the same allegations presented during the arbitration hearing. Again, the Defendant has failed to provide facts requested. Defense Counsel has not provided any information on which alleged "events" Plaintiff complained about which occurred more than 300 days days prior to the date Plaintiff filed the EEOC charge. Arbitrations DO NOT preclude individual rights to file court complaints.

Jeff Van Way
Page Four
February 28, 2003

 Again, while the Defendant has failed to provide any facts sustaining their Eleventh Defense, they have also failed to further supplement this response during the discovery process.

 The Defendant has failed to produce any documents for document requests 16 and 19.

  16) *Please produce the personnel files of all individuals identified in the defendant's response to Interrogatory 11, above.*

 Obviously, the Defendant has not properly responded to this document request since there's no reason NOT to as Defense Counsel has suggested -- sign a stipulated protective order. Defense Counsel's comment in a letter dated June 5, 2002, that "...the requested salary information is of absolutely no relevance to the claims in the Complaint" -- is in error. Requested salary information can also be part of the stipulated protective order which will include ALL employees of The Cincinnati Post and The Kentucky Post since 1990.

  19) *Please produce the personnel file of or copies of all disciplinary documents or files involving reporter Al Salvato.*

 By merely stating that Al Salvato has "no disciplinary documents" in his personnel file is not "in the spirit of cooperation". The Defendant has not properly responded to this document request, which should also be part of the aforementioned stipulated protective order.

 Thanking you in advance for your immediate attention to these matters, Mr. Van Way, I remain,

       Sincerely,

       *Ms. Carmen Carter*