# BAKER & HOSTETLER LLP
## COUNSELLORS AT LAW


EXHIBIT G

SUITE 3200 • 312 WALNUT STREET • CINCINNATI, OHIO 45202-4074 • (513) 929-3400 • FAX (513) 929-0303

Writers Direct Dial: (513) 929-3411

E-MAIL: jvanway@bakerlaw.com

March 14, 2003

Ms. Carmen Carter
2450 Grandview Avenue
Cincinnati, Ohio 45206

Re: *Carmen Carter v. The E. W. Scripps Company*
Case No. C-1-00-977

Dear Ms. Carter:

I am in receipt of your letter dated February 27, 2003 regarding your objections to Defendant's Responses to your written discovery requests. While the majority of your objections appear to concern the differing legal conclusions that Plaintiff and Defendant have drawn from the evidence in this case, I will nonetheless attempt to respond to each of your concerns.

With regard to Interrogatory No. 1, Defendant's objection is not baseless. Your request seeks information that is well beyond the statute of limitations in this action. Moreover, your request is overbroad in that it requests information regarding employees who are not similarly situated to Plaintiff and in that it requests information regarding employee dates of birth and salaries. As you are well aware, this case does not involve any allegations of age discrimination or equal pay violations.

Similarly, Interrogatory No. 2 is overbroad in that it too requests information regarding employees who are not similarly situated to Plaintiff, requests information beyond the statute of limitations, and seeks information regarding employee dates of birth. Defendant has fully responded to this Interrogatory by listing Metro reporters who were disciplined by The Post during the relevant time period.

With regard to Interrogatory No. 6, Defendant has fully responded to this Interrogatory and, to the best of its knowledge, believes that its response is complete.

Your objections to Defendant's responses to Interrogatories 9 – 10 and 12 – 14, all involve interpretations of the evidence in this case. In its Supplemental Responses served on June 5, 2002, Defendant fully set forth the facts which support the legal defenses that are at issue in these Interrogatories. While you obviously disagree with Defendant's interpretation of these facts and the application of the relevant law, this is not a proper basis upon which to demand that Defendant supplement its responses. Obviously, after Defendant files its motion for summary

judgment, you will have an opportunity to take issue with Defendant's legal conclusions and interpretation of the evidence.

With regard to Interrogatory No. 11, once again, you are seeking information regarding employees who are not similarly situated to Plaintiff as well as information regarding the ages and dates of birth of employees. Defendant has fully responded to this Interrogatory by providing a list of similarly situated employees.

With regard to Request for Production No. 16, requesting the personnel files of other employees, again, your request for files of all employees is overbroad in that it seeks information regarding employees who are not similarly situated to Plaintiff. Moreover, your request for salary information is also overbroad and irrelevant in that there are no issues in this case regarding wage or salary discrimination. As Defendant has previously told you, it is prepared to produce the files of similarly situated employees after Plaintiff executes a protective order. To date, you have not signed the protective order nor have you suggested any revisions to the protective order that Defendant previously sent to you. This protective order is a standard order which protects the confidentiality of personnel documents and has been used in other cases before this Court. If you have suggested revisions to the protective order, please let me know.

Finally, I am unable to understand your objection to Defendant's response to Request for Production No. 19. This request sought for Defendant to produce either the personnel file, copies of disciplinary documents, or files involving Al Salvato. Thus, according to the language of your request, Defendant could have properly responded by producing any of these three categories of documents. Defendant responded to this Document Request by informing you that there were no disciplinary documents in Mr. Salvato's personnel file. Moreover, Defendant has previously informed you that Mr. Salvato's personnel file will be produced once you execute the protective order. To date, however, you have refused to do so. As a result, Mr. Salvato's personnel file has not been produced.

Finally, I must again remind you that your responses to Defendant's First Request for Production of Documents is now over one year overdue. Please respond to these Requests immediately.

Very truly yours,

Jeff VanWay

JVW:jed

cc: David G. Holcombe, Esq.