CARMEN CARTER
419 PROBASCO STREET #7
CINCINNATI, OH 45220
(513) 751-5076

July 16, 2003

David Holcombe
Baker & Hostetler
312 Walnut Street
Cincinnati, OH 45202

RE: C-1-00-977

Dear Mr. Holcombe:

Per the Court Order of Magistrate Judge Hogan, please find enclosed the requisite expert report, along with the signed Stipulated Protective Order.

Sincerely,

Ms. Carmen Carter


EXHIBIT H

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARMEN CARTER, | : | Case No. C-1-00-977 |
| Plaintiff, | : | (Judge Weber) |
| vs. | : | |
| THE E. W. SCRIPPS COMPANY, PUBLISHER OF THE CINCINNATI POST AND THE KENTUCKY POST | : | |
| Defendant | : | |

### STIPULATED PROTECTIVE ORDER

WHEREAS, the undersigned parties are engaged in discovery proceedings pursuant to the Federal Rules of Civil Procedure; and

WHEREAS, The E.W. Scripps Company ("Defendant") has been requested by Plaintiff Carmen Carter ("Plaintiff") to produce documents related, among other things, to Defendant's personnel records;

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of confidential and trade secret information;

IT IS HEREBY STIPULATED AND AGREED:

1. The following documents constitute confidential information:

Defendant's personnel records, including employee performance reviews, and wage and benefit records, and disciplinary records, other than such information that relates only to Plaintiff.

2. All documents defined as confidential that Defendant releases to Plaintiff or counsel for Plaintiff are released upon the condition that such information is to be utilized only in the above-captioned action and shall not be used for any purpose other than the preparation and filing of this case.

3. Defendant will, in a manner that will not interfere with the legibility of such documents, place or affix to each document copied and produced pursuant to this Stipulated Protective Order an imprint or legend, "Produced by Defendant Pursuant to Protective Order."

4. Plaintiff or counsel making disclosure to the witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, in connection with this specific litigation shall advise any such person or entity of the express terms of this Stipulated Protective Order, and shall provide such person or entity with a copy of the Stipulated Protective Order if he or she so requests.

5. Any and all information obtained by Plaintiff or counsel for Plaintiff from Defendant which is marked "Produced by Defendant Pursuant to Protective Order" shall be disclosed only to the Court and its officers, paralegal and clerical employees of Plaintiff's counsel, retained consultants, Plaintiff, or witnesses at, or in preparation for, trial or deposition. Any additional disclosure of such confidential materials shall take place only pursuant to agreement of counsel for all parties or, absent agreement, pursuant to an Order of Court upon motion duly made.

6. Plaintiff or Plaintiff's counsel shall maintain a complete list of all persons or entities who receive or who are shown documents produced pursuant to the Stipulated Protective Order and, if requested, shall provide this list to counsel for Defendant at the conclusion of this litigation.

7. If any document or other material or information produced pursuant to this Stipulated Protective Order is used in connection with any deposition or pleading or is attached to any deposition transcript or pleading as an exhibit, the exhibit of such deposition or such pleading shall be filed under seal separately from the deposition or such pleading, unless otherwise agreed to by counsel for all parties, in which case said agreement shall be in writing or on the record of any deposition. Thereafter, such sealed exhibit shall be tendered to the court in connection with any proceedings in this action in a sealed envelope labeled "confidential, sealed by Order of the Court," and subject to the provisions of this Stipulated Protective Order.

8. Upon final termination of this action, including all appeals, at the request of counsel for Defendant, Plaintiff or counsel for Plaintiff shall return all copies of said documents marked "Produced by Defendant Pursuant to Protective Order" including any copies, extracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. Confidential information contained in any work product materials retained by any counsel after termination of this action shall not be disclosed to any person.

9. The obligation to maintain confidentiality, as described herein, shall be in force and continued at all times prior and subsequent to the entry of the trial court's final judgment in this action, unless otherwise ordered by the Court.

10. Any breach of this Protective Order by Plaintiff, Plaintiff's counsel or any person to whom Plaintiff or Plaintiff's counsel is authorized to disclose any document or other materials produced pursuant to this Stipulated Protective Order shall constitute a material breach of this Order punishable in contempt proceedings.

Plaintiff, Plaintiff's counsel, or any person to whom Plaintiff or Plaintiff's counsel is authorized to disclose any document or other material produced pursuant to this Stipulated Protective Order.

IT IS SO ORDERED.

_____
Judge Weber

_____
Carmen Carter
Plaintiff Pro Se
2450 Grandview Avenue
Cincinnati, OH 45206

David G. Holcombe (0025768)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 2650
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant
The E.W. Scripps Company