AUBREY MAYHEW, doing business as Mayhew Music Company, doing business as Amcorp Music Group, doing business as Dream City Music, doing business as Streets of Gold Music, Plaintiff-Appellant, v. GUSTO RECORDS, INC.;INTL MARKETING GROUP, also known as IMG, Inc., doing business as Power Pak Records, Inc., doing business as Starday-King Records, Inc., doing business as Starday Records, Inc., doing business as King Records, Inc., doing business as Cindy Lou's TV Mail Order, Inc., doing business as GML, Inc.,Defendants-Appellees.

No. 02-5413

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

69 Fed. Appx. 681; 2003 U.S. App. LEXIS 13617

July 2, 2003, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: Middle District of Tennessee. 94-00134. Campbell. 12-04-01. *Mayhew v. Int'l Mktg. Group*, 248 F.3d 1150, 2001 U.S. App. LEXIS 12611 *(6th Cir. Tenn., 2001)*

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff sued defendant music companies for copyright infringement. The United States District Court for the Middle District of Tennessee granted partial summary judgment for the companies and later granted them summary judgment on the remaining claims. Plaintiff moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The district court denied that motion. Plaintiff appealed.

OVERVIEW: The district court granted the companies summary judgment in part because plaintiff failed to file a timely response. Plaintiff's attempt to obtain relief from judgment, Fed. R. Civ. P. 60(b), was unfruitful, so plaintiff appealed. Plaintiff's Rule 60(b) motion did not toll the limitations period for appealing the summary judgment, so his appeal from that decision was untimely. The appeal from the denial of relief from judgment was timely, but it did not bring the summary judgment before the appeals court; thus, the only issue on appeal was whether the district court abused its discretion by denying plaintiff relief from judgment. It did not. Plaintiff failed to satisfy the standards set forth in Rule 60(b)(1) or (b)(3). He cited no new evidence and did not claim that any error of law was made in the initial decision granting summary judgment. Indeed, summary judgment was based not only on plaintiff's failure to respond, but also on his deposition and failure to establish an essential element of the case. Moreover, a review of the record did not reveal the requisite clear and convincing evidence sufficient to establish fraud under Fed. R. Civ. P. 60(b)(3).

OUTCOME: The court affirmed the judgment of the district court.

CORE TERMS: summary judgment, underlying judgment, abuse of discretion, excusable neglect, adverse party, inadvertence, surprise, compositions

LexisNexis(R) Headnotes

Civil Procedure: Appeals: Reviewability: Preservation for Review
Civil Procedure: Relief From Judgment: Relief Generally
[HN1] An appeal from the denial of a Fed. R. Civ. P. 60(b) motion does not bring the underlying judgment up for review.

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion



Civil Procedure: Relief From Judgment: Relief Generally
[HN2] In reviewing the denial of a Fed. R. Civ. P. Rule 60(b) motion, the appeals court is limited to determining whether the district court abused its discretion. An abuse of discretion has been defined as a definite and firm conviction that the trial court committed a clear error of judgment.

Civil Procedure: Relief From Judgment: Relief Generally
[HN3] Fed. R. Civ. P. 60(b) allows a federal district court to relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect, or fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. Fed. R. Civ. P. 60(b).

Civil Procedure: Relief From Judgment: Mistake & Excusable Neglect
[HN4] To be eligible for relief under Fed. R. Civ. P. 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect.

Civil Procedure: Relief From Judgment: Fraud
[HN5] Fed. R. Civ. P. 60(b)(3) requires fraud by an adverse party to warrant relief from judgment.

Civil Procedure: Relief From Judgment: Extraordinary Circumstances
[HN6] Fed. R. Civ. P. 60(b)(6) is properly invoked in unusual and extreme situations where principles of equity mandate relief from a judgment.

Civil Procedure: Relief From Judgment: Relief Generally
[HN7] A Fed. R. Civ. P. 60(b) motion must be denied if it is merely an attempt to relitigate the case.

COUNSEL: AUBREY MAYHEW, Plaintiff - Appellant, Pro se, Nashville, TN.

For GUSTO RECORDS, INC., INTL MARKETING GRP, Defendants - Appellees: Timothy L. Warnock, Taylor A. Cates, Bowen, Riley, Warnock & Jacobson, Nashville, TN.

JUDGES: Before: BOGGS and GILMAN, Circuit Judges; DOWD, District Judge. *

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

OPINION: [*681] ORDER

Aubrey Mayhew, proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to *Fed. R. Civ. P. 60(b)*. This case has been referred to a panel of the court pursuant to *Rule 34(j)(1), Rules of the Sixth Circuit*. [*682] Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. [**2] R. App. P. 34(a)*.

On February 16, 1994, Mayhew filed a complaint against several record companies alleging copyright infringement in several musical compositions. On April 4, 1997, the district court granted the defendants' motion for partial summary judgment and held that six of the compositions at issue had been injected into the public domain. On October 30, 2001, the defendants filed a motion for summary judgment on Mayhew's remaining claims to which Mayhew failed to file a timely response. In an order entered December 4, 2001, the district court granted summary judgment for the defendants. A motion for reconsideration was filed on December 21, 2001. It failed to toll the appeal period and was denied by order entered December 27, 2001. A motion for relief from judgment was filed on February 5, 2002, and denied by order entered February 26, 2002. Mayhew filed a notice of appeal on March 25, 2002.

Initially, we note that a panel of this court held that Mayhew's appeal was jurisdictionally defective with regard to the underlying summary judgment for the defendants and that the appeal would be treated as having been taken from the order which denied Mayhew's *Rule 60(b)* motion. [**3] See Mayhew v. Gusto Records, Inc., No. 02-5413 (6th Cir. June 20, 2002) (unpublished order). [HN1] Such an appeal does not bring the underlying judgment up for review. *Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978)*; *Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989)*. Thus, the arguments raised in Mayhew's appellate brief as they relate to the underlying judgment will not be reviewed.

[HN2] In reviewing the denial of a *Rule 60(b)* motion, this court is limited to determining whether the district court abused its discretion. *McDowell v. Dynamics Corp. of Am., 931 F.2d 380, 383 (6th Cir. 1991)*. An abuse of discretion has been defined as a "definite and firm conviction that the trial court committed a clear

error of judgment." *Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989)*.

Mayhew sought relief under *Rule 60(b)(1), (3) and (6)*. *Rule 60(b)* [HN3] allows the district court to relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: "1) mistake, inadvertence, surprise, or excusable neglect;[**4] ... 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ...." *Fed. R. Civ. P. 60(b)*. [HN4] To be eligible for relief under *60(b)(1)*, a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect. See *Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980)*. [HN5] *Rule 60(b)(3)* requires fraud by an adverse party to warrant relief from judgment.

Upon review, we conclude that the district court acted within its considerable discretion by denying Mayhew's motion. Mayhew failed to satisfy the standards set forth in either *subsection (b)(1)* or *(b)(3)*. His motion does not contain any new evidence, nor does it claim that any error of law was made in the initial decision granting summary judgment. Indeed, summary judgment was based not only on Mayhew's failure to respond, but also on Mayhew's deposition and failure to establish an essential element of the case. Moreover, a review of the record does not reveal the requisite clear and convincing evidence sufficient to establish fraud under *Fed. R. Civ. [**5] P. 60(b)(3)*. See *Simons v. Gorsuch, 715 F.2d 1248, 1253 [*683] (7th Cir. 1983)*. Consequently, it was not an abuse of discretion to deny the motion.

*Subsection (b)(6)* [HN6] will be properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)* (original emphasis). Not only were no exceptional or extraordinary circumstances presented in this case, but the arguments presented in Mayhew's post-judgment motion have been rejected by the district court. [HN7] A *rule 60(b)* motion must be denied if, as here, it is merely an attempt to relitigate the case. *Mastini v. Am. Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir. 1966)*.

Accordingly, the district court's order is affirmed. *Rule 34(j)(2)(C), Rules of the Sixth Circuit.*