UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carmen Carter,
        Plaintiff

vs

E.W. Scripps Company,
        Defendant

Case No. C-1-00-977
(Senior Judge Herman J. Weber)

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Vacate Clerk's Judgment (Doc. 63), Defendant's Memorandum in Opposition to Plaintiff's Motion to Vacate Clerk's Judgment (Doc. 65) and Plaintiff's Reply thereto (Doc. 70).

      The underlying claims of Plaintiff pertain to her discharge from employment with Defendant. Following her termination, Plaintiff filed charges with the EEOC alleging race, sex and disability discrimination. Following receipt of the right to sue letter, Plaintiff filed this lawsuit, alleging race and sex discrimination under Title VII and Ohio Revised Code Chapter 4112 and disability discrimination under the Americans with Disabilities Act (ADA). Plaintiff suffers from depression and considers herself disabled because of it. On November 12, 2003, the Magistrate Judge found merit in Defendant's Motion for Summary Judgment (Doc. 48). The Magistrate Judge therefore recommended that this Court grant summary judgment in favor of Defendant. (Doc. 56). On December 15, 2003, this Court adopted the Report and Recommendation of the Magistrate Judge, therefore dismissing the case (Doc. 57).

      On August 18, 2004, Plaintiff filed her Motion to Vacate, challenging the Court's December 15, 2003 Order adopting the Report and Recommendation of the Magistrate Judge (Doc. 57). Plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b) under the theory that circumstances in her personal life precluded her from filing a

response to Defendant's Motion for Summary Judgment as well as objections to the Magistrate Judge's Report and Recommendation. (Doc.63). Relying on *Amernational Industries Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970 (6th Cir. 1991), Plaintiff argues that her conduct does not rise to "culpable," and therefore the judgment against her should be vacated. (Id.). Plaintiff now wishes to present a number of arguments on the merits of her case, and asks the Court to appoint her counsel through the Volunteer Lawyer Project (Id.)[1].

Defendant argues that the Court should not exercise jurisdiction over Plaintiff's Motion, as her appeal is pending before the Sixth Circuit. (Doc. 65). Where an appeal is pending, the trial court is not required to entertain a 60(b) motion for relief. *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). The Sixth Circuit has recently issued its decision on Plaintiff's appeal, holding that Plaintiff has waived her right to appeal by failing to file specific objections to the Magistrate Judge's Report and Recommendation. *See Carter v. E.W. Scripps Co.*, No. 04-3270, slip op. at 2 (6th Cir. June 9, 2005). The court found that no exceptional circumstances exist which would, in the interests of justice, excuse Plaintiff's failure to file objections and therefore, affirmed this Court's judgment dismissing Plaintiff's claims. (*Id.*). Thus, neither the law nor the equities in this instance require the Court to revisit its December 15, 2003 decision adopting the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion to Vacate Clerk's Judgment (Doc. 63) be DENIED.

SO ORDERED.

Date: 8/23/05

Herman J. Weber, Senior Judge
United States District

---

[1]. Plaintiff's Motion for the Appointment of Counsel (Doc. 64) was denied by the Magistrate Judge on October 7, 2004 (*See* Doc. 67).

2